

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

**ENTERED**
**10/03/2008**

| | | |
|---|---|---|
| IN RE: | § | |
| RODRIGUEZ GAS & OIL SERVICES, INC. | § | CASE NO: 08-50152 |
| Debtor(s) | § | |
| | § | CHAPTER  11 |

## MEMORANDUM OPINION AND ORDER
## DENYING TENTATIVE/CONDITIONAL APPROVAL
## OF DISCLOSURE STATEMENT

### I.  BACKGROUND

Debtor filed a voluntary petition commencing this case under chapter 11 of the Bankruptcy Code on May 30, 2008.  This is Debtor's second voyage through bankruptcy in less than 5 years.  Debtor filed case number 04-50067-L2-11 in this Court in 2004.

The Court ordered a scheduling and status conference under authority of Bankruptcy Code § 105(d).  The conference was initially set for August 14, 2008.  The motion was reset to August 28 on Debtor's motion (docket ## 22, 23).  On August 28, Debtor told the Court that the case would probably be dismissed.  The Court continued the status conference to October 9 and stated reasons on the record why a chapter 11 trustee might be appointed or why the case might be converted to chapter 7.  On August 28 the US Trustee filed a motion to appoint a chapter 11 trustee, to convert the case to chapter 7 or to dismiss it (docket # 31).

### II.  DISCLOSURE STATEMENT DOES NOT PROVIDE ADEQUATE
### INFORMATION

On September 26, 2008, Debtor filed a combined chapter 11 plan and disclosure statement.

Bankruptcy Code § 1125 requires a disclosure statement to provide "adequate information" which is defined as " …  information of a kind, and in sufficient detail …  that would enable … a hypothetical investor <u>typical of claims or interests in the case</u> … to make an informed judgment about the plan …"  [Emphasis added.]  Thus, "adequacy" of information is a determination that is relative both to the entity (e.g. complexity/amount of assets being reorganized or liquidated) and to the sophistication of the creditors.

A.    Debtor's Disclosure Statement is Far Too Complex and Confusing

The disclosure statement filed by Debtor is 51 pages long (not counting exhibits.)  It is a virtual treatise of bankruptcy law with complex cross-references.  It defines terms that need not be defined in a plan that is this simple and straightforward.  It is so tedious and so packed with

unnecessary information that the Court was unable to dig out relevant, useful data without extraordinary effort.

In communications, "more" is not necessarily "better". Unnecessary information merely obfuscates, it does not add value. The Court notes that Carl Barto has recently applied to be co-counsel for Debtor. The Court has seen numerous cogent, effective combined plans and disclosure statements in other chapter 11 cases filed by Mr. Barto. That format would be quite effective in this case. The Court encourages Mr. Blanco to confer with Mr. Barto about a more effective, and far less expensive, form of combined plan and disclosure statement. Alternatively, the Judicial Conference Advisory Committee on Bankruptcy Rules has recently promulgated a form chapter 11 plan and form chapter 11 disclosure statement for small business cases. The form has been approved by the Judicial Conference of the United States and will become "official" on December 1, 2008. Rule 9009 of the Federal Rules of Bankruptcy Procedure mandates the use of official forms, with such alterations as may be appropriate. Counsel can find the new forms at

http://www.uscourts.gov/bankform/index.html

The size of the case underscores the potential for simplicity. Disclosure statement Exhibit E lists the creditors in the case. There are 9. It should not take 51 pages to explain to 9 creditors (i) "what assets and income" are available to pay them, (ii) "how much" the Debtor proposes to pay them, (iii) "when" the Debtor proposes to make those payments, (iv) "what are the alternatives" to the plan, (v) "how to cast a ballot" for or against the plan, (vi) "that voting their claims is important", and (vii) that if the plan is confirmed "they will be bound" by its terms.

But there are other problems besides size and complexity. The disclosure statement does not provide adequate information because it does not provide the information in a reasonable way calculated to be understandable and to be absorbed by the typical creditor.

B.   The Exhibits Are Imponderable—The Cash Flow Projection Does Not Include Debt Payment Required by the Plan

Exhibit D is a 2 year cash flow projection. It appears intended to show that Debtor will have sufficient cash flow to make the payments called for in the plan. But the Exhibit does not have line items for debt payment. Exhibit E shows the following payments required by the plan:

| Creditor | Monthly Payment |
|---|---|
| Texas Community Bank | $11,000.00 |
| Laredo National Bank | 198.01 |
| Ad Valorem Tax Authorities | 483.81 |
| IRS (secured) | 794.64 |
| IRS (priority) | 1547.63 |
| General Unsecured | 167.86 |
| Total | $14,191.95 |

The Court simply does not see a line item for $14,191.95 in the cash flow projections.  In fact, there does not seem to be $14,000 of cash flow per month available for payment of creditors' claims.[1]

C.      Conclusion

Because the disclosure statement does not meet the statutory requirements for approval, no hearing is necessary.  Approval of the disclosure statement is denied.

SIGNED 10/02/2008.

_____
Wesley W. Steen
United States Bankruptcy Judge

---

[1] There is a line for "Payment of vehicles, equipment, TCB".  This might be intended as a projection of payments to Texas Community Bank.  But that amount is $12,000 per month, still not enough to pay all the payments proposed by the plan.